UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-22537-CIV-MORENO

DANIELLE HOUGHTON,

        Plaintiff,

vs.

BURGUER GOURMET, USA, LLC,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION AND ORDER GRANTING MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES.

THIS CAUSE came before the Court upon Defendant Burguer Gourmet's Motion to Dismiss for Failure to State a Cause of Action and Motion to Strike Request for Punitive Damages **(D.E. 28)**, filed on **October 25, 2018**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion to dismiss for failure to state a cause of action is DENIED. It is further,

**ADJUDGED** that the Motion to strike request for punitive damages is GRANTED.

### I. Background

Plaintiff Danielle Houghton brings this action against Defendant Burguer Gourmet USA, LLC, who owns a restaurant and bar located in Sarasota, Florida. Defendant's principle place of business is Miami, Florida. In her complaint, Plaintiff alleges she began working at the

restaurant and bar on or about April 1, 2016, and continues working there today.[1] Furthermore, Plaintiff alleges that Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the Fair Labor Standards Act. Furthermore, they state that the annual gross revenue of the Defendant is in excess of $500,000 per annum during the relevant time periods in the complaint. Plaintiff also states that Defendant had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, cleaning supplies, and office supplies, which were used directly in furtherance of Defendant's commercial activity of running a restaurant.

In the Complaint, Plaintiff states that her duties include serving food and drinks to customers and other side work. She alleges that Defendant often required her to work in excess of forty hours a week performing her duties as a bartender. Additionally, Plaintiff alleges that once Defendant was apprised of this lawsuit and the filing of a separate EEOC complaint, Defendant retaliated against Plaintiff, and continues to retaliate against her by: removing her from the work schedule for several weeks, only scheduling Plaintiff on days where she requested off, refusing to run any of Plaintiff's customer's food, refusing to allow Plaintiff to cover other employees' shifts, managers treating Plaintiff unfairly, and numerous other discriminatory and adverse actions.

Plaintiff asserts in the Complaint that Defendant failed to pay her minimum wage and overtime compensation in violation of the Fair Labor Standards Act (Counts I and II), and improperly retaliated against Plaintiff in violation of the Fair Labor Standards Act (Count III). Defendant has moved to dismiss Plaintiff's complaint and strike the request for punitive damages

---

[1] Defendant alleges they began operation of the restaurant and bar in June 2016

because Plaintiff has failed to properly allege enterprise coverage, that Plaintiff has failed to provide facts to support her claim for recovery of minimum wage compensation and overtime compensation, and Plaintiff is not entitled to punitive damages.

II. **Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

III. **Analysis**

**A. Plaintiff has Properly Pleaded Enterprise Coverage**

Defendant argues that Plaintiff has failed to properly allege enterprise coverage. They first argue that Plaintiff's statements are conclusory without any factual support because she does not allege what goods Defendant's employees produce for interstate commerce. Next, Defendant argues that Plaintiff fails to plead enterprise coverage under the material prong of the handling

3

clause because she does not allege that Defendant, or their employees, sell or deliver food or beverages to other states, nor does Plaintiff allege that cash registers, telephones, cleaning supplies, and office supplies are articles used to perform the commercial activities of a restaurant and bar. Finally, Defendant argues that Plaintiff fails to plead enterprise coverage pursuant to the goods prong of the handling clause because cash registers, telephones, cleaning, and office supplies are goods of which the Defendant is the ultimate consumer. This Court disagrees with Defendant, because the Plaintiff has sufficiently alleged enterprise coverage. See Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1227 (11th Cir. 2010); Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1295 (S.D. Fla. 2014); Lopez v. Top Chef Inv., Inc., No. 07-21598-CIV, 2007 WL 4247646, at *2 (S.D. Fla. Nov. 30, 2007).

To establish a prima facie case for failure to pay overtime compensation and/or minimum wages under the Fair Labor Standards Act, an employee must demonstrate: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir.2008). With respect to the third element, Plaintiff has sufficiently alleged that she worked over forty hours per week but was not paid overtime or minimum wages. See id. With respect to the first element, Plaintiff has sufficiently demonstrated an employment relationship between herself and the Defendant. See id. Under 29 U.S.C. § 203, "employee' is defined as "any individual employed by an employer," and "employer" is defined as "any person acting in relation to an employee". See Leon, 51 F. Supp. 3d at 1293. Plaintiff alleges that: Defendant's company owns the restaurant and bar where she works as a bartender, Defendant is the one who requires her to work in excess of forty hours a week, and it is Defendant who is supposed to give her the paycheck. These allegations are

sufficient to establish the Defendant as an "employer" under the Fair Labor Standards Act. See, e.g., Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir.2008) (finding that an individual who is involved in the "day-to-day operation" of a company or who has "some direct responsibility for the supervision of an employee" may be considered an "employer" under the statute).

As to the second element, "[u]nder the Fair Labor Standards Act, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." See Thorne v. All Restoration Services, Inc., 448 F.3d 1264, 1265–66 (11th Cir.2006); Leon, 51 F. Supp. 3d at 1295. Plaintiff does not allege there is individual coverage, but properly alleges that the employer is covered as an enterprise; therefore the employees are covered under the Fair Labor Standards Act. See id. For "enterprise coverage" to apply, the enterprise must have (1) employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) annual gross volume of sales made or business done is not less than $500,000. See 29 U.S.C. § 203(s); Leon, 51 F. Supp. 3d at 1295. For enterprise coverage, "the goods must have moved in commerce at some time; they do not have to be currently moving in commerce." Thompson v. Robinson, Inc., No. 6:06-CV-771ORL19JGG, 2007 WL 2714091, at *3 (M.D. Fla. Sept. 17, 2007). For the purpose of the Fair Labor Standards Act's handling clause, an item will count as "materials" if (1) it accords with the definition of "materials"- tools or other articles necessary for doing or making something- in the context of its use, and (2) if the employer has employees "handling, selling, or otherwise working on" the item for the employer's commercial (not just any) purposes. See Polycarpe, 616 F.3d at 1227.

The Court finds it reasonable to infer from the complaint that, first, the cash registers, telephones, cleaning and office supplies are materials moved in interstate commerce before they were delivered to the restaurant and bar. See Asalde v. First Class Parking Sys. LLC, 898 F.3d 1136, 1139 (11th Cir. 2018); Leon, 51 F. Supp. 3d at 1295. Second, looking at the matter contextually, these materials are necessary for doing something, for instance: sanitizing the areas where food and beverage are prepared, communicating with customers, and keeping count of the cash. See Asalde, 898 F.3d at 1139. Third, one can infer that Plaintiff's use of the materials, in her numerous duties as a bartender, is done for a commercial purpose. See id. These materials, rather than being incidental, are a necessary means for the Plaintiff and the restaurant to ensure that the establishment is sanitized, customers are properly communicated with, and proper accounting of the cash that exchanges hands. See Polycarpe, 616 F.3d at 1225 ("where a business provides a service using an item as part of its 'commercial operations,' Congress intended for those kinds of items to be viewed as 'materials' "). Fourth, Plaintiff has properly alleged that the annual gross volume of sales made or business done is not less than $500,000. See Leon, 51 F. Supp. 3d at 1295. Furthermore, since the items are properly counted as "materials," they are not subject to the ultimate consumer exception. See Asalde, 898 F.3d at 1140. Thus, this Court agrees with Plaintiff that they have properly alleged enterprise coverage.

### B. Plaintiff has Sufficiently Pleaded a Claim for Recovery of Minimum Wage and Overtime Compensation

Defendant argues that the Complaint's allegations are void of factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. He further argues that the Plaintiff has failed to allege how many days and hours she worked in one day, in one week, or in the more than the two years she has worked for Defendant. While the Complaint's factual allegations are not overly detailed, the Court finds that these allegations

are sufficient to state a claim under the Fair Labor Standards Act. See Secretary of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir.2008); Blake v. Batmasian, 191 F. Supp. 3d 1370, 1373–74 (S.D. Fla. 2016); Anish v. Nat'l Sec. Corp., No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010).

Courts have found that that the requirements to state a claim of a Fair Labor Standards Act violation are quite straightforward. Labbe, 319 Fed.Appx. at 763. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. Id.; see also Morgan, 551 F.3d at 1277 (explaining that to establish a *prima facie* Fair Labor Standards Act case, an employee must demonstrate (1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages).

Here, Plaintiff has alleged that she was an employee covered by the Fair Labor Standards Act who worked for Defendant, that Defendant failed to pay her time-and-a-half wages for her overtime hours, that Defendant failed to pay her minimum wages, and that Defendant was an enterprise engaged in interstate commerce. These allegations are sufficient to give Defendant "fair notice of what the. . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, and thus are sufficiently pled. See Anish, No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2.

Furthermore, the Complaint alleges that Plaintiff worked more than forty hours per week and was not compensated for overtime pay or minimum wages. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation. . . under Fair Labor Standards Act does not require more." Labbe, 319 Fed. Appx. at 764. In so holding, the Court rejects

7

Defendant's argument that Plaintiff must specify the time period or approximate number of hours worked during a given period to state an Fair Labor Standards Act claim. See Anish, No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2. Accordingly, Plaintiff's Complaint gives Defendant "fair notice of what the. . . claim is and the grounds upon which it rests," such that Defendant can adequately respond to the Complaint and, thereafter, engage in discovery. Anish, 2010 WL 4065433, at *2 (citing Twombly, 550 U.S. at 555).

### C. Plaintiff has stated a cause for retaliation, but is not entitled to punitive damages

Defendant argues that Plaintiff fails to state a cause of action for retaliation under the Fair Labor Standards Act, because Plaintiff fails to give dates as to when Defendant removed her from the weekly schedule, when Defendant learned of the lawsuit, when the EEOC charge was filed, when she complained to the Defendant regarding lack of wages, and to whom she complained to. Plaintiff alternatively argues that she does not need to allege every single fact of her case. This Court believes that Plaintiff's Complaint sufficiently pleads a cause of action for retaliation. See Joseph v. Nichell's Caribbean Cuisine, Inc., 862 F. Supp. 2d 1309, 1315 (S.D. Fla. 2012); Suchite v. Kleppin, 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011).

Pursuant to 29 U.S.C. § 215(a)(3) it is unlawful for any person "to discharge or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 U.S.C. 201 et seq.]." 29 U.S.C. § 215(a)(3). See Evey v. Creative Door & Millwork, LLC, No. 215CV441FTM29MRM, 2016 WL 1321597, at *2 (M.D. Fla. Apr. 5, 2016). In order to establish a prima facie case of retaliation under 29 U.S.C. § 215(a)(3), a plaintiff must allege that (1) he engaged in activity protected under the act; (2) he suffered adverse action by the

employer, and (3) a causal connection existed between the employee's activity and the adverse action. Wolf v. Coca-Cola Company, 200 F.3d 1337, 1342–43 (11th Cir. 2000).

Assuming the well-pleaded facts are true, the Court believes that Plaintiff has stated a claim for retaliation under the Fair Labor Standards Act. Here, Plaintiff satisfies the first prong because she alleges that she engaged in protected activity; filing suit to recover her unpaid wages qualifies as a protected activity under the Fair Labor Standards Act. See Munroe v. PartsBase, Inc., No. 08-80431-CIV, 2008 WL 4998777, at *2 (S.D. Fla. Nov. 20, 2008). Second, she properly claims she suffered adverse action by stating that the employer: removed her from the work schedule for several weeks, scheduled Plaintiff on days where she requested off, refused to run any of Plaintiff's customer's food (she states this reduces her job performance and subsequent tips and income), refused to allow Plaintiff to cover other employees' shifts, etc. See Canada v. Ready Mix (USA), LLC, No. 2:07-CV-2176-TMP, 2008 WL 11377689, at *4 (N.D. Ala. Sept. 19, 2008) (Finding that changing an employee's compensation scheme to reduce his pay certainly does materially and adversely impact the employment). Third, Plaintiff properly alleges causal connection, because she states that once Defendant was apprised of this lawsuit and the filing of the separate EEOC complaint by Plaintiff, Defendant retaliated and continues to retaliate against her. See Urzola v. Thumbelina Learning Ctr. Corp., No. 12-20767, 2012 WL 3757072, at *5 (S.D. Fla. Aug. 28, 2012) (Finding that to establish a causal connection, "a plaintiff need only show 'that the protected activity and the adverse action were not wholly unrelated.'"). This is enough to give Defendants "fair notice of what the. . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

Defendant further argues that the Eleventh Circuit has unequivocally held that punitive damages are not available under section 216(b) for violations of section 215(a)(3). This Court

9

agrees. Courts are not authorized to award punitive damages to a civil plaintiff who has proven a violation of Fair Labor Standards Act's anti-retaliation provision. Bogacki v. Buccaneers Ltd. P'ship, 370 F. Supp. 2d 1201, 1202–03 (M.D. Fla. 2005). The Eleventh Circuit has recognized the goal of the damages provision is to attempt, as close as possible, "to put the plaintiff in the place she would have been absent the employer's misconduct." See Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 933 (11th Cir. 2000). The Court reasoned, in contrast, that punitive damages, being definitionally punitive in nature, "would be out of place in a statutory provision aimed at making the plaintiff whole." Id.

## IV. Conclusion

It is adjudged that Plaintiff has properly alleged enterprise coverage, has sufficiently alleged a claim for recovery of minimum wage and overtime compensation and has sufficiently stated a claim for retaliation under the Fair Labor Standards Act. Defendant's Motion to dismiss for failure to state a cause of action is DENIED. It is further, adjudged that Defendant's Motion to strike request for punitive damages is GRANTED. Defendant must file an answer no later than February 14, 2019.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st of January 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record